UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 3:23-cr-575

    Plaintiff,

v.   MEMORANDUM OPINION
AND ORDER

Dileep Kumar Sakineni, *et al.*,

    Defendants.

## I. INTRODUCTION

Defendant Kishan Vinayak Patel has filed a renewed motion to sever. (Doc. No. 74). The government opposed this motion. (Doc. No. 81). Patel filed a reply. (Doc. No. 87). For the reasons stated below, I deny Patel's motion.

## II. BACKGROUND

On August 7, 2024, Patel and seven other defendants were charged by a nine-count second superseding indictment with conspiracy to commit money laundering under 18 USC § 1956(h), concealment money laundering under 18 USC §§ 1956(a)(1)(B)(i) and (2), and promotion money laundering under 18 USC §§ 1956(a)(1)(A)(i) and (2). (*See* Doc. No. 77). The defendants are alleged to have participated in a "phantom hacker scheme" ("PHS"), which begins when a person posing as a customer service employee at a company or bank convinces a victim their account has been compromised. (*Id.* at 2-3). The fake customer service representative then refers the victim to a person posing as a law enforcement agent who steals and launders the victim's money. (*Id.*).

The government indicted Patel on three counts: Count 1 (conspiracy to commit money laundering under 18 USC § 1956(h)), Count 5 (concealment money laundering under 18 USC §§ 1956(a)(1)(B)(i) and (2)), and Count 9 (promotion money laundering under 18 USC §§ 1956(a)(1)(A)(i) and (2)). (*See id.* at 8, 9, 10). The government contends Patel, pretending to be an undercover detective, picked up $67,000 in cash from a victim of the PHS in Fort Wayne, Indiana and transported it to his alleged co-conspirators in Illinois. (*Id.* at 8). It further contends he picked up $40,000 in cash from a different victim in Liberty Center, Ohio. (*Id.*).

I previously denied Patel's first motion to sever on May 28, 2024. (*See* Doc. No. 72). I concluded Patel had not shown "compelling, specific, and actual prejudice" from the continued joinder of his case with his co-defendants'. (*Id.* at 5). I also concluded his arguments were "speculative" because he did not "identify any specific past or future delay to which [he] object[s]." (*Id.* at 4). After that, Patel objected to my exclusion of time from the Speedy Trial Act calculation to accommodate the briefing schedule of a co-defendant's motion to suppress. (*See* non-document order, July 10, 2024; Doc. No. 73).[1] Patel has consistently objected to my exclusion of time from the Speedy Trial Act calculation in this case. (*See* non-document orders dated January 23, 2024, February 29, 2024, March 29, 2024, and May 8, 2024).

Patel filed his renewed motion to sever on July 12, 2024, three weeks before the government brought the second superseding indictment under which he is now charged. (*See* Doc. No. 74; Doc. No. 77). After briefing on this motion closed, I held a telephone pretrial conference with counsel for the government and seven of the eight defendants. (*See* non-document order dated August 20, 2024). During that conference, I set a trial date of January 22, 2025, and I excluded time from August 21, 2024, to January 22, 2025, from the Speedy Trial Act calculation for trial preparation

---

[1] That motion was held in abeyance at the request of the party who filed the motion, Defendant Hiren Patel, and he later withdrew his motion when he pled guilty. (*See* non-document order dated August 15, 2024; Doc. No. 80; Minutes of Change of Plea Hearing dated November 25, 2024).

2

purposes. (*See id.*). On December 19, 2024, I set a new voir dire date of January 24, 2025 and a new trial start date of January 27, 2025, and I extended my previous exclusion of time under the Speedy Trial Act for trial preparation purposes to encompass those additional two days, from January 22, 2025 to January 24, 2025. (*See* Minutes of Telephone Status Conference dated December 19, 2024). Patel did not object to the initial exclusion of time for trial preparation purposes during the August 20, 2024 conference, and he did not object to the exclusion of time for that purpose at any subsequent pretrial conference. (*See* non-document order dated August 20, 2024; Minute Orders of Pretrial Conferences dated October 22, 2024 and November 22, 2024; Minutes of Telephone Status Conference dated December 19, 2024).

### III. DISCUSSION

Individuals may be charged as co-defendants if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "As a general rule, persons jointly indicted should be tried together because 'there is almost always common evidence against the joined defendants that allows for the economy of a single trial.'" *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002) (quoting *United States v. Phibbs*, 999 F.2d 1053, 1067 (6th Cir. 1993)). A conspiracy charge generally provides an adequate basis for holding a single trial. *See, e.g., United States v. Kelley*, 461 F.3d 817, 830 (6th Cir. 2006).

If the joinder of two or more defendants "appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). But severance is appropriate "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). With this in mind, a jointly-indicted defendant cannot

3

succeed on a motion to sever unless they "show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Gardiner*, 463 F.3d 445, 473 (6th Cir. 2006) (quoting *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005)). Whether to sever a defendant is within the trial court's "wide discretion." *Gardiner*, 463 F.3d at 472 (quoting *United States v. Breinig*, 70 F.3d 850, 852 (6th Cir. 1995)).

Patel argues his case should be severed because the delay in this case risks compromising his Sixth Amendment speedy trial right. (*See* Doc. No. 74 at 3). But as I conclude below, Patel's Sixth Amendment speedy trial right has not been violated and will not be violated by the time he goes to trial. And because he points to no other form of "compelling, specific and actual prejudice" caused by the joinder of his case with those of his co-defendants, I deny his motion to sever. *Gardiner*, 463 F.3d at 473 (internal citation and quotation marks omitted).

The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]" U.S. Const. amend. VI. This right does not translate to any "fixed time period" after which a trial must occur. *United States v. Allen*, 86 F.4th 295, 304 (6th Cir. 2023). Instead, courts conduct a holistic inquiry and must consider (1) the length of the delay, (2) the reason for the delay, (3) the extent to which a defendant has timely asserted their speedy-trial rights, and (4) the extent to which the defendant has suffered prejudice. (*See id.*) (citing *Barker v Wingo*, 407 U.S. 514, 530 (1972)).

Analyzing the length of the delay "is actually a double enquiry." *Doggett v. United States*, 505 U.S. 647, 652 (1992). As a threshold matter, a court must first determine whether the length of the complained-of delay is "uncommonly long." *United States v. Young*, 657 F.3d 408, 414 (6th Cir. 2011) (quoting *United States v. Bass*, 460 F.3d 830, 836 (6th Cir. 2006)) (further citation omitted). If not, there can be no Sixth Amendment violation. *See Young*, 657 F.3d at 414. Even "[i]f the accused makes this showing, the court must then consider . . . the extent to which the delay stretches beyond

4

the bare minimum needed to trigger judicial examination of the claim." *Doggett*, 505 U.S. at 652. This is because "the presumption that pretrial delay has prejudiced the accused intensifies over time," so a delay that barely crosses the length threshold necessary to trigger the rest of the speedy trial inquiry is less likely to violate the Sixth Amendment than a much longer delay. *Id.* (considering an eight-and-a-half-year delay).

The Sixth Circuit has held that a delay of over a year satisfies this threshold requirement. *Maples v. Steagall*, 427 F.3d 1020, 1026 (6th Cir. 2005) (citing *Doggett*, 505 U.S. at 652 n.1 (1992)). Courts measure the delay "from the earlier of the date of arrest or the date of indictment." *Young*, 657 F.3d at 414. Patel was arrested on November 9, 2023, and voir dire is set to begin on January 24, 2025. (*See* non-document entry dated November 9, 2023 & Minutes of Telephone Status Conference dated December 19, 2024). So, by the time trial proceedings begin, Patel will have waited for 442 days, or just under 15 months. This satisfies the threshold requirement for a Sixth Amendment speedy trial act claim. *See Maples*, 427 F.3d at 1026.

But here, a 15-month delay carries comparatively little weight. As the Sixth Circuit has observed, in "cases involving multiple defendants and numerous pretrial motions," delays of around one year do not ordinarily violate the Sixth Amendment. *United States v. Musick*, 291 F. App'x 706, 720 (6th Cir. 2008). Put differently, as the complexity of a case increases, so does the Sixth Amendment's tolerance for delay. *See United States v. Bass*, 460 F.3d 830, 837 (6th Cir. 2006) ("That the delay was caused by the case's complexity favors a finding of no constitutional violation"). Complexity, in turn, can be measured by the number of defendants, the number of counts, and the nature of the crimes alleged, among other factors. *See United States v. Cope*, 312 F.3d 757, 777-78 (6th Cir. 2002).

Patel has been charged along with seven other defendants in a nine-count indictment—the third charging document since the inception of this case—alleging an international money-

5

laundering scheme worth millions of dollars with multiple victims and many perpetrators. (*See* Doc. No. 77). Given this context, the delay involved here may trigger the rest of the speedy-trial analysis, but it does not create a heavy presumption of a Sixth Amendment violation because it extends just beyond the "bare minimum needed to trigger judicial examination of the claim." *Doggett*, 505 U.S. at 652; *cf. Marcusse v. United States*, 785 F. Supp. 2d 654, 670-71 (W.D. Mich. 2011) (eight-month delay in "complex" case involving millions of dollars, international wire transfers, hundreds of transactions, and multiple defendants did not violate Sixth Amendment).

Next, the reason for the delay falls into "three general buckets tied to the party at fault." *Allen*, 86 F.4th at 304. This factor "weighs strongly against" the government if it engineers a delay motivated by bad faith. *Id.* (citing *Barker*, 407 U.S. at 531). If the government "causes the delay for an invalid reason but without any bad intent"—such as by acting negligently—this factor "still weighs against the government (but less so)." *Allen*, 86 F.4th at 304. Finally, "[i]n bucket three, this factor weighs in favor of the government if it identifies a legitimate reason for the delay or if the defendant causes it." *Id.* at 305 (citing *Barker*, 407 U.S. at 531).

Time has been excluded from the Speedy Trial Act calculation in this case on eight separate occasions, each time after a pretrial hearing and a finding that the ends of justice served by the exclusion of a particular period of time outweighs the public's and the defendant's interests in a speedy trial.[2] The delays were caused by the need to review voluminous evidence; by briefing on

---

[2] On December 19, 2023, after Patel filed a motion for a trial date within 90 days, Magistrate Judge Darrell A. Clay excluded time from December 19, 2023, to January 22, 2024. (*See* non-document order dated December 18, 2023; Doc. No. 35). I further excluded time for review of discovery from January 23, 2024, to March 8, 2024. (*See* non-document orders dated January 23, 2024 and February 29, 2024). On March 29, 2024, I excluded time from March 29, 2024, to May 8, 2024, under 18 U.S.C. § 3161(h) for review of discovery and for the briefing and decision of Patel's motion to sever. (*See* non-document order dated March 29, 2024). On July 10, 2024, I excluded time from May 9, 2024, to July 10, 2024, under 18 U.S.C. § 3161(h) for review of discovery and for plea negotiations. (*See* non-document order dated July 10, 2024). On August 20, 2024, I set January 22, 2025, as the trial date in this case and excluded time from August 21, 2024, until January 22, 2025. (*See* non-document order dated August 20, 2024). Finally, on December 19, 2024, I set January 24, 2025 as

various motions; a pause for plea negotiations; and preparations for trial.  Patel does not argue any of the delays in this case are attributable to the government's bad faith, and he likewise does not argue any negligence or oversight on the government's part caused any delay.  (*See* Doc Nos. 74 & 87).

Further, the briefing and consideration of Patel's pretrial motions caused two months of the delay, and Patel did not object to the five months set aside for pretrial preparation.  (*See* non-document orders dated December 19, 2023, March 29, 2024, August 20, 2024, and October 22, 2024). *See also United States v. Brown*, 498 F.3d 523, 531 (6th Cir. 2007) (attributing delay to the defendant where he "had no objection to the delay").  I conclude the reasons for the delays in this case are legitimate, and Patel has "failed to show a reason for according these delays any effective weight towards [his] speedy trial claim[]." *United States v. Loud Hawk*, 474 U.S. 302, 316 (1986).  So, this factor weighs in favor of the government.

Next, I consider "both how early a defendant has asserted [the speedy-trial] right and how often the defendant has done so." *Allen*, 86 F.4th at 305.  Patel first requested a trial within 90 days of his arrest at his arraignment on December 18, 2023, a little over a month after he was arrested. (*See* non-document order dated December 18, 2023).  Since then, he has objected to the exclusion of time from his Speedy Trial Act clock five times.  (*See* non-docket entries dated January 23, 2024, February 29, 2024, March 29, 2024, May 8, 2024, and July 10, 2024).  He also filed a previous motion to sever in which he argued the risk of prejudice to his Sixth Amendment speedy trial right justified severing his case.  (*See* Doc. No. 65).  While Patel did not object to my two most recent

---

the date on which voir dire will begin, set January 27, 2025 as the date on which trial will begin, and extended my prior exclusion of time until January 24, 2025. (*See* Minutes of Telephone Pretrial Conference dated December 19, 2024).  Each of these time exclusions also involved a finding, pursuant to 18 U.S.C. § 3161(h), that the ends of justice served by granting that time outweighed the public's and the defendant's interests in a speedy trial.

7

exclusions of time from the Speedy Trial Act calculations, he has otherwise diligently asserted his speedy trial rights from the inception of the case.  I find this factor weighs in favor of Patel.

Finally, I examine the potential prejudice from the pretrial delay.  *Allen*, 86 F.4th at 306.  Courts have recognized several types of prejudice in this context: the deprivation of liberty caused by pretrial detention, the disruption and reputational harm caused by the indictment, and the delay's potential to undermine a defendant's ability to mount a defense.  *Id.*  This last factor is the most important; conversely, Supreme Court and Sixth Circuit precedent "do[] not treat physical incarceration as the 'most serious' type of prejudice."  *Allen*, 86 F.4th at 307 (citing *Barker*, 407 U.S. at 532).  Similarly, the Supreme Court has not accorded great weight to the psychological harms caused by the indictment itself.  *See Barker*, 407 U.S. at 533-34.  And where a case has been delayed for legitimate reasons, "defendants must show *actual* defense-related prejudice or their speedy-trial claims 'will generally fail.'"  *Id.* at 306 (quoting *United States v. Mundt*, 29 F.3d 233, 236 (6th Cir. 1994)).

As Patel points out, he has "suffered some prejudice" from the delay because he has "remained in jail throughout this time," and unless he is able to identify a suitable Ohio residence and obtain approval from the Office of Pretrial and Probation Services for that residence, he will remain in custody until his trial date.  *Allen*, 86 F.4th at 307; (*see* Doc. No. 29).  But he "cannot rely on the presumption of prejudice" that might have attached if the government had willfully or negligently caused the delay, and he "identif[ies] no 'specific' harm to [his] defense" attributable to the time he has spent waiting for trial.  *Allen*, 86 F.4th at 307 (quoting *United States v. Howard*, 218 F.3d 556, 564 (6th Cir. 2000)).  Absent any harm to his ability to mount a defense, Patel can rely on only the prejudice caused by his continued pretrial confinement and the psychological distress and reputational damage caused by the indictment.

Certainly, the deprivation of liberty inherent in 15 months of pretrial incarceration is serious. But briefing and deciding Patel's pretrial motions accounted for two of these months, and Patel did not object to the recent exclusion of time from August 21, 2024 until January 24, 2025 for all parties—including Patel—to prepare for trial. (*See* non-document orders of December 19, 2023, March 29, 2024, and August 20, 2024; Minute Order of Telephone Status Conference dated December 19, 2024). So, I focus on the seven months of pretrial confinement unrelated to a delay which is attributable to Patel. *See United States v. Marchbanks*, 631 F. App'x 386, 390-91 (6th Cir. 2015) (considering, for prejudice purposes, only the period of pretrial incarceration not attributable to the defendant's delay); *Brown*, 498 F.3d 523, 531 (6th Cir. 2007) (attributing delay to the defendant where he "had no objection to the delay"). Moreover, the 15-month period of pretrial anxiety in this case is dwarfed by the five-year period in *Barker*, where the Supreme Court found that the defendant suffered "minimal" prejudice from the anxiety of living under an indictment. *Barker*, 407 U.S. at 533-34.

Balancing these factors, I find Patel's Sixth Amendment speedy trial right has not been violated. In Patel's favor, he has diligently asserted his Sixth Amendment speedy trial right, and he has been incarcerated since the day he was arrested. But the elapse of 15 months between arrest and trial is not surprising given the complexity of this case, and the delay here stems from the ordinary incidents of criminal litigation such as the review of evidence, motion practice, plea negotiations, and trial preparation. Moreover, Patel has not pointed to any way in which the length of this delay has harmed or will harm his defense, so that "most serious" prejudice is absent. *Doggett*, 505 U.S. at 654 (quoting *Barker*, 407 U.S. at 532) (internal quotation marks omitted).

As the Supreme Court recognized in *Barker*, "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Barker*, 407 U.S. at 531. Just so here. *Cf. United States v. Love*, No. 3:20-cr-117-3, 2022 WL 445888 at *3-4 (S.D. Ohio

9

Feb. 14, 2022) (delay of sixteen months did not violate the Sixth Amendment where the defendant had been incarcerated pending trial, he was indicted in a multi-defendant kidnapping case, and the causes of delay were legitimate); *United States v. Chew*, 497 F. App'x 555, 558-59 (6th Cir. 2012) (delay of ten months did not violate the Sixth Amendment where a superseding indictment added new charges and defendants, and the court granted ends-of-justice continuances for which the government was not responsible). I conclude the 15-month period between arrest and trial here does not violate Patel's Sixth Amendment speedy trial right.

Because Patel cannot show a Sixth Amendment violation, and because he identifies no other source of possible prejudice caused by the joinder of his case, he has likewise not shown "compelling, specific, and actual prejudice" would arise from my failure to grant his motion to sever. *Saadey*, 393 F.3d at 678.

### IV. CONCLUSION

For the reasons stated above, I conclude Patel has not met his burden under Rule 14(a), and I deny his motion to sever. (Doc. No. 74).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge